# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,   :   Case No. 3:13-CR-176
                                        Also Case No. 3:16-cv-203

                                        District Judge Timothy S. Black
- vs -                           Magistrate Judge Michael R. Merz

ROBERT LEE SUMLIN,

                Defendant.   :

## REPORT AND RECOMMENDATIONS

    This case is before the Court on Defendant's Motion to Vacate Pursuant to 28 U.S.C. § 2255 (ECF No. 154). Rule 4 of the Rules Governing § 2255 Proceedings provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

    As with all collateral attacks on criminal judgments filed at the Dayton location of court, the § 2255 proceedings have been referred to the undersigned pursuant to General Order Day 13-01.

1

**Procedural History**

Defendant Robert Lee Sumlin was indicted by the grand jury for this District on November 26, 2013, and charged with conspiracy to distribute heroin (Count One), distribution of heroin(Count Two), distribution of heroin within 1000 feet of a children's playground (Count Six), and possession of a firearm after being convicted of a felony (Count Nine) (Indictment, ECF No. 18). A Superseding Indictment on February 27, 2014, amended Count One to charge a conspiracy to distribute in excess of one kilogram of heroin. On April 14, 2014, Sumlin entered into a written Plea Agreement with the United States in which he agreed to plead guilty to Count One and Nine (ECF No. 94, PageID 446). Sumlin acknowledged that he understood that the statutory mandatory minimum sentence on Count One was ten years. *Id.* at PageID 447. Judge Susan Dlott, to whom the case was then assigned, referred it to the Probation Department for a Presentence Investigation Report ("PSR").

After the Report was filed, Sumlin's counsel filed Objections (ECF No. 105). No objection was offered to any calculation of the amount of heroin involved in the conspiracy. The case was then transferred to District Judge Timothy S. Black who imposed sentence on October 16, 2014, remanding Sumlin to custody for 288 months on the heroin count and 120 months on the firearm count, to run concurrently, three years less than what the Probation Department recommended (Minute Entry, ECF No. 120; Judgment, ECF No. 128).

Sumlin appealed, but the appellate court upheld the waiver of appeal in the Plea Agreement and dismissed the appeal. *United States v. Sumlin,* Case No. 14-4077 (6th Cir. Jun. 1, 2015)(unreported; copy at ECF No. 153). The instant Motion to Vacate followed a year later.

## Analysis

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid" *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003). In other words, to warrant relief under § 2255, a prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect of influence on the guilty plea or the jury's verdict. *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2006), *citing Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).  To obtain relief under 28 U.S.C. § 2255, a defendant must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure.  *United States v. Timmreck,* 441 U.S. 780 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th  Cir. 1990)(*per curiam*).  Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States or the trial court was without jurisdiction or the sentence is in excess of the maximum sentence allowed by law, or is "otherwise subject to collateral attack."  *United States v. Jalili,* 925 F.2d 889, 893 (6th Cir. 1991).  Apart from constitutional error, the question is "whether the claimed error was a 'fundamental defect which inherently results in a complete miscarriage of justice,'"  *Davis v. United States*, 417 U.S. 333, 346 (1974), *quoting Hill v. United States*, 368 U.S. 424, 428-429 (1962); see also *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2006).  Nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process; mistakes in the application of the

sentencing guidelines will rarely, if ever, warrant relief from the consequences of waiver. *Grant v. United States,* 72 F.3d 503, 506 (6th Cir. 1996).

In his First Ground for Relief, Sumlin claims his offense level under the Sentencing Guidelines was improperly enhanced by finding that more than four kilograms of cocaine were involved in the conspiracy and by finding that he was a leader of the conspiracy. The PSR did not recommend enhancing the offense level based on an amount in excess of the amount – one kilogram – to which Sumlin pled (PSR ¶ 66). However, it did recommend a two-level enhancement based on Sumlin's having been a leader.

Sumlin has forfeited this claim because he made no objection to the factual recommendations in the PSR on which it was based. Rather, his Objections focus on his denial that four of the prior convictions listed in the PSR are correctly listed as convictions he suffered (Objections, ECF No. 105, PageID 503-04). Because Sumlin did not raise these claims at a time when Judge Black could have corrected them, if indeed they are errors, he cannot now bring them in a § 2255 proceeding.

In his Memorandum of Law, Sumlin relies on *Alleyne v. United States*. 570 U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), where the Supreme Court held any fact that makes a defendant eligible for the mandatory minimum sentence for an offense is an "element" which must be submitted to the jury. But the enhancement for playing a leadership role did not make Sumlin eligible for the mandatory minimum; that came with the admission of conspiracy to distribute a kilogram.

In his Second Ground for Relief, Sumlin claims he made a proffer which he believes should have resulted in a three-point reduction in his offense level under the Sentencing Guidelines (ECF No. 154, PageID 914). Nothing in the Plea Agreement obligated the United

States to move for such a reduction if Sumlin cooperated.  And as with the enhancements for amount of heroin and leadership role, no objection was made to the PSR on this point.  It is accordingly forfeited on the same basis as the First Ground for Relief.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the instant § 2255 Motion be DISMISSED WITH PREJUDICE.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 11, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).