UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:13-cr-176 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| ROBERT LEE SUMLIN (1), | : | |
| Defendant. | : | |

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE

This criminal case is before the Court on Defendant's *pro se* motion for compassionate release and defense counsel's supplemental memorandum in support (Docs. 170, 176), as well as the Government's response in opposition (Doc. 177).[1]

## I. BACKGROUND

On November 26, 2013, Defendant Robert Lee Sumlin and three co-defendants were charged by way of Indictment with federal drug trafficking and firearm offenses. (Doc. 18). On February 27, 2014, a Superseding Indictment was filed, adding enhanced and additional charges against Defendant Sumlin and one of the three co-defendants. (Doc. 72). As to Defendant Sumlin, the Superseding Indictment charged the following offenses: conspiracy to distribute and possess with intent to distribute one kilogram or

---

[1] Defendant initially filed his motion for compassionate release *pro se*. (Doc. 170). Pursuant to the Southern District of Ohio's Amended General Order 20-21, the Court appointed counsel on behalf of Defendant and appointed counsel subsequently filed a supplemental motion for compassionate release. (Doc. 171, 176).

more of heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(i), (b)(1)(B)(i), (b)(1)(C) (Count 1); possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 2); possession with intent to distribute heroin near a school, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 860 (Counts 6, 15); and felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 9). (*Id.*) As charged, Defendant was subject to a mandatory minimum term of 10 years to life imprisonment on Count 1, up to 20 years imprisonment on Count 2, up to 40 years imprisonment on Counts 6 and 15, and up to 10 years imprisonment on Count 9. 21 U.S.C. §§ 841(b)(1)(A), (b)(1)(C) and 860; 18 U.S.C. § 924(a)(2).

On April 14, 2014, Defendant appeared before the Court and entered a plea of guilty to Counts 1 and 9 of the Superseding Indictment, pursuant to a Rule 11(c)(1)(A) plea agreement. (Doc. 94; Min. Entry, April 14, 2014). At the time of his plea hearing, Defendant admitted to the facts set forth in his Statement of Facts. (Doc. 94 at 8-9; Doc. 135 at 27:17-30:18). In sum, Defendant admitted that, between November 1, 2013 and November 14, 2013, he and his co-conspirators knowingly and intentionally distributed and possessed with intent to distribute heroin, "far in excess of one kilogram," to customers in the greater Dayton, Ohio area. (Doc. 94 at 8). Defendant also admitted that he was the leader of the conspiracy. (*Id.*) And Defendant admitted that, on November 14, 2013, he unlawfully possessed a firearm, after having previously been convicted of numerous felony offenses. (*Id*. at 8-9).

Defendant's final PSR was completed on June 30, 2014. As ultimately calculated by the Court, Defendant's offense conduct resulted in a Total Offense Level of 33, a

Criminal History Category VI, and a Guideline Range of 235 to 293 months imprisonment. (Doc. 129 at 1). On October 16, 2014, Defendant was sentenced to 288 months imprisonment on Count 1 and 120 months on Count 9, to be served concurrently to Count 1, for an aggregate total term of 288 months, followed by a total of 5 years of supervised release. (Doc. 144).

## II. STANDARD OF REVIEW

"[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment," and "the court may not modify a term of imprisonment once it has been imposed," subject to limited exceptions. 18 U.S.C. § 3582(b), (c); *Dillon v. United States*, 560 U.S. 817, 824 (2010). One such exception permits the Court to reduce a term of imprisonment, either upon a motion brought by the Bureau of Prisons ("BOP"), or on the defendant's own motion, seeking compassionate release. *Id*. at § 3582(c)(1)(A)(i). A defendant may file a motion for compassionate release with the Court after exhausting the BOP's administrative process, or thirty days after the warden receives the defendant's compassionate release request, whichever is earlier. *Id*. at § 3582(c)(1)(A).

To grant a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court must: **first**, find that "extraordinary and compelling reasons warrant [] reduction [of the sentence]"; **second**, find that the reduction is "consistent with applicable policy statements issued by the Sentencing Commission" (specifically, U.S.S.G. § 1B1.13); and **third**, consider the applicable 18 U.S.C. § 3553(a) factors. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020).

However, pursuant to Sixth Circuit precedent, the second step of the Court's three-step § 3582(c)(1)(A) inquiry—*i.e.*, finding that the reduction is consistent with U.S.S.G. § 1B1.13—<u>does **not** apply to motions brought by the *defendant*</u>. *Jones*, 980 F.3d at 1109 (citing *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020)); *Elias*, 984 F.3d at 519 (noting the Sixth Circuit's holding is consistent with the Second, Fourth, and Seventh Circuits, as well as the majority of district courts).

"The district court has substantial discretion," in deciding a motion for compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020) ("The statute says that the district court 'may' reduce a sentence if it finds the first two requirements met; it does not say that the district court must do so").

Defendant bears the burden of showing that he is entitled to compassionate release. *E.g.*, *United States v. Kannell*, No. 20-12635, 2021 WL 223485, at *1 (11th Cir. Jan. 22, 2021) ("The movant bears the burden of proving entitlement to relief under section 3582"); *United States v. Melgarejo*, 830 F. App'x 776, 778 (7th Cir. 2020) ("[the defendant] did not meet his burden of demonstrating that his circumstances were extraordinary and compelling"); *cf. United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012) (holding that the defendant bears the burden to show he is entitled to reduction of sentence under 18 U.S.C. § 3582(c)(2)).

### III. ANALYSIS

Here, Defendant has filed his own motion for compassionate release and, therefore, the Court must undertake the first and third steps of the § 3582(c)(1)(A) inquiry. Accordingly, the Court will consider whether "extraordinary and compelling

4

reasons" warrant a reduction in Defendant's sentence and, if so, will further consider whether such a reduction is warranted in light of the relevant section 3553(a) factors.

### A. Extraordinary and Compelling Circumstances

First, the Court must find that "extraordinary and compelling reasons warrant [the sentencing] reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The statute does not define the term "extraordinary and compelling reasons," and Congress delegated the task to United States Sentencing Commission. *See Ruffin*, 978 F.3d at 1004. However, "[i]n cases where incarcerated persons file motions for compassionate release, federal judges … have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111 (emphasis added).

Defendant argues that there are two extraordinary and compelling reasons for a reduction in sentence: (1) the presence of COVID-19; and (2) sentencing disparities.

#### 1. COVID-19

Defendant first argues that the presence of COVID-19, coupled with his underlying medical conditions, constitute extraordinary and compelling reasons. (Doc. 170 at 3, 14-17). Defendant states that he suffers from chronic pain and that he was a previously a smoker. (*Id.*) Notably, Defendant fails to provide any medical records in support of his motion.[2] And this Court can deny Defendant's motion on that basis alone. *Elias*, 984 F.3d at 520.

---

[2] At the time the PSR was prepared, Defendant reported that his health was "excellent," and that his only medical issues were occasional migraines, as well as occasional lower leg pain resulting from five gunshot wounds he sustained in the early-2000s. PSR at ¶ 135.

But even assuming Defendant had submitted records confirming his medical conditions, the Sixth Circuit has held that, <u>absent extenuating circumstances</u>, the COVID-19 pandemic does not constitute an extraordinary and compelling reason for an inmate's release because COVID-19 vaccinations are available to federal prisoners. *See, e.g.*, *United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022); *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021); *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (following *Lemons*).[3]

Here, Defendant's chronic pain is not among the underlying conditions that the Centers for Disease Control and Prevention ("the CDC") identifies as causing an increased risk of severe illness from COVID-19. *People with Certain Medical Conditions*, CDC, a*vailable at*: //www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 31, 2023). And although the CDC does recognize that being a current or former smoker can make an individual more likely to get very sick from COVID-19, there is nothing in the record suggesting Defendant is suffering from any condition related to his former smoking. *Id.* Thus, Defendant's purported medical conditions do not demonstrate an extraordinary and compelling reason for early release.

Moreover, COVID-19 is well-controlled at Defendant's current facility of designation—FCI McDowell. As of June 26, 2024, there were no active COVID-19 cases, nor any COVID-related deaths reported. *Inmate COVID-19 Data*, BOP, *available*

---

[3] For example, extenuating circumstances may include the inability to receive or benefit from a vaccine. *Lemons*, 15 F.4th at 751.

6

*at* www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last accessed Jun. 26, 2024).

In short, the mere possibility that Defendant may contract COVID-19 and develop serious complications, despite the availability of the COVID-19 vaccine, does not give rise to extenuating circumstances to justify the extraordinary remedy of compassionate release.

### 2. *Sentence Disparity*

Defendant also argues that the disparities between his sentence and the sentences of his co-defendants provides an extraordinary and compelling reason to reduce his sentence. (Doc. 176 at 9-19). Specifically. Defendant argues that the Court erred when sentencing him to 288 months imprisonment because Defendant was sentenced to a significantly longer term of imprisonment than his coconspirators. (*Id.*)

But a "§ 3582(c)(1)(A) motion is not the proper vehicle for arguments that were or could have been raised on direct appeal or in a [28 U.S.C.] § 2255 motion." *United States v. Johnson*, No. 22-5932, 2023 WL 7103104, at *1 (6th Cir. June 9, 2023) (quotation omitted); *see also United States v. West*, 70 F.4th 341, 348 (6th Cir. 2023) ("If it would be improper to use compassionate release to address sentencing errors and thereby circumvent § 2255, then it would be improper to allow a defendant or court to further avoid this limitation by reframing a sentencing error as a sentencing disparity"); *United States v. McCall*, 56 F.4th 1048, 1058 (6th Cir. 2022), *cert. denied*, 143 S. Ct. 2506, 216 L. Ed. 2d 461 (2023) ("habeas is the appropriate place to bring challenges to the lawfulness of a sentence").

7

Thus, Defendant's sentence disparity argument does not meet his requirement of showing an extraordinary and compelling reason for a reduction in sentence.[4]

### B. 18 U.S.C. § 3553(a) Factors

If the Court finds that "extraordinary and compelling reasons" to warrant reduction of the sentence, the Court must still "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [the prior step(s)] is warranted in whole or in part under the particular circumstances of the case." *Jones*, 980 F.3d at 1108 (quoting *United States v. Dillon*, 560 U.S. 817, 827 (2010)).

Here, the Court did not find that "extraordinary and compelling reasons" warrant a reduction in Defendant's sentence. And the Court may deny the motion on that finding alone. *See Elias*, 984 F.3d at 519 ("[D]istrict courts may deny compassionate-release

---

[4] To be clear, 18 U.S.C. § 3553(a)(6) requires the Court "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." (Emphasis added). "[T]his factor concerns *national* disparities … not disparities between codefendants." *United States v. Conatser*, 514 F.3d 508, 521 (6th Cir. 2008) (emphasis in original). Indeed, "[d]isparities between the sentences of coconspirators can exist for valid reasons, such as differences in criminal histories, the offenses of conviction, or one coconspirator's decision to plead guilty and cooperate with the government." *Id.* at 522. And, here, the disparities between the co-defendants' sentences were entirely warranted. Specifically, Defendant was only one of two coconspirator to plead to the conspiracy, Defendant was the only one who pleaded to any drug offense under § 841(b)(1)(A)'s 10-year mandatory minimum penalty section, and he was the only one who entered into an open plea as opposed to an agreed binding Rule 11(c)(1)(C). Defendant was also the only one with a Criminal History Category of VI and the only one who received a leadership enhancement due to his role. Thus, Defendant's statutory penalties and Guideline range were significantly higher than any other co-defendant. And Defendant's 288-month sentence was within his Guideline Range of 235 to 293 months. Similarly, two of the three co-defendants (all but Co-Defendant Bibbs (3)), received a sentence within their own calculated Guideline ranges. And as to Co-Defendant Bibbs, it bears noting that he had no leadership enhancement, no add-on for maintaining a drug premises, he was a criminal history category IV, and his few prior convictions were for non-violent offenses. In short, any disparity between Defendant's sentence and the sentences of his co-defendants was entirely warranted. Accordingly, Defendant's sentencing disparity argument is meritless.

motions when any of the [required] prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others") (citing *Jones*, 980 F.3d at 1108; *Ruffin*, 978 F.3d at 1006). However, even assuming *arguendo* that "extraordinary and compelling reasons" existed, the Court nevertheless finds that reduction is not warranted based upon its consideration of all applicable § 3553(a) factors.

At the time of sentencing, this Court, upon consideration of all applicable 18 U.S.C. § 3553(a) factors, sentenced Defendant to an aggregate term of 288 months imprisonment. To date, Defendant has served approximately 127 months. For purposes of Defendant's motion, the Court has once again considered the applicable 18 U.S.C. § 3553(a) factors and, having done so, continues to find that the imposed sentence is appropriate. In short, the Court finds that its imposed sentence of 288 months imprisonment is sufficient but not greater than necessary, and further finds that any reduction of Defendant's sentence would fail to fully address the purposes of sentencing.

## IV. CONCLUSION

Based upon the foregoing, Defendant's motions for compassionate release (Doc. 170, 176) are **DENIED**.

**IT IS SO ORDERED.**

Date:  6/26/2024                                                    *s/ Timothy S. Black*
                                                                                   Timothy S. Black
                                                                                   United States District Judge